MATHIAS J. APP AGT. BRIDGE, BEACH AND CO.

*Jurisdiction: Mortgage: Judgment.*

1. An action to forclose a mortgage or deed of trust on real property, must be brought in the county in which the property is situated.

2. A judgment for the amount due on the note, secured by a mortgage or deed of trust, may be rendered by a court not having jurisdiction to render a judgment of foreclosure of the mortgage or deed of trust.

ERROR from the District Court of the First Judicial District in and for Leavenworth County.

Mathias J. App agt. Bridge, Beach and Co.

*By the Court*—WILLIAMS, J.

Hudson E. Bridge, John H. Beach, Leonard B. Holland and Henry B. Holland, partners under the name and style of Bridge, Beach and Co., instituted their action against Mathias J. App and August Schnaible, in the district court of Leavenworth county, on the 8th day of September, 1859. The plaintiffs filed their petition, in which they claimed of defendants the sum of nine hundred and twenty-eight dollars and eight cents, with interest from the 31st day of January, 1859, at the rate of ten per cent. per annum, being the balance due from the defendant to the plaintiff, on a promissory note, executed by Mathias J. App, at the city of St. Louis, Missouri, on the 9th day of January, 1858, which note was endorsed by the other defendant, August Schnaible.

As security, and also in the same action, at the same time, plaintiffs, in their petition, claimed the foreclosure of a deed of trust, which the defendant, App, had executed and delivered to Richard R. Rees, Esq., as trustee, to secure the payment of the money called for by said note. The deed was executed and acknowledged on the day of the date of the note, and recorded by the recorder of Leavenworth county, Kansas territory, on the 15th day of January, 1858. The summons was duly issued, served, etc., on the 8th day of October, 1859. The defendant, Schnaible, filed his answer to the plaintiffs' petition, and also his demurrer to the plaintiffs' petition. On the 12th day of October, 1859, the plaintiffs filed their

demurrer to the answer of the defendant, Schnaible; App, the other defendant, failed to plead, answer or demur, and at the December term of the court, 1859, a default, as to him, was entered, and judgment thereon rendered by the court for the sum of one thousand and twenty-four dollars and seventy-four cents. At the same time the court adjudged and decreed: "That the equity of redemption in the property described in the deed of trust, as well against the said Mathias J. App, as against the said Richard R. Rees, as such trustee, be, and the same is, forever foreclosed; and it is ordered that the sheriff of the county of Wyandotte, in the territory of Kansas, proceed to sell, for cash, at auction, to the highest bidder, the real estate in said deed of trust mentioned, to-wit, one share of ten lots in the city of Wyandotte, situated at the confluence of the Kansas and Missouri rivers, which share is numbered thirty-three (33); a certificate of which is dated 27th February, A. D. 1859, signed by the president and the secretary of the company, on which are two drawn lots, to-wit, lot 21 in block 132, and lot 3 in block 94, and eight undrawn lots, and that a copy of this judgment be furnished to the sheriff of Wyandotte county. It is also ordered that the said plaintiffs recover their costs, and that they have hereof execution." The foregoing is the state of the record, so far as the same is material for the purposes of adjudication, upon the points of error here assigned.

The defendant, App, by his attorney, filed his petition in error, in this court, for the reversal of the judg-

ment and proceedings of the district court, as had against him therein, on the 30th day of April, 1860, and thereupon the issuance and service of a summons from this court, in the case, was waived by Rees and Allen, the attorneys for the defendant in error. The case is thus regularly on trial. For the plaintiff in error, it is contended that the judgment and proceedings of the district court should be reversed for the following reasons:

1st. That the real estate in the said record, described and directed to be sold by said judgment, is situated and lies in the county of Wyandotte, and not in the county of Leavenworth, where the said suit was brought, and such judgment obtained. 2d. That at the time of the commencement of the suit, the subject-matter thereof, to-wit, the real estate described in said record, was situated in the county of Wyandotte, within the third judicial district of the territory, and was not in the county of Leavenworth, and was not in the first district. 3d. That the district court of the first district, at the time of the commencement of said action, had no jurisdiction of the subject-matter of the said action. The only question for decision here, is, as to the jurisdiction of the district court of Leavenworth county over the subject-matter of the action, could that court legally entertain jurisdiction, so as to be vested with judicial power to adjudicate the case and render the judgment therein which was rendered?

The facts of the case material for consideration, in solving this question, are as follows: At the time of

the commencement of this action, the real estate described in the deed of trust given by App, the grantor therein named, as appears by the decree of the court, and admitted by the counsel, was not in the county of Leavenworth, but in the county of Wyandotte, and, also, that it was not in the first judicial district, but in the third judical district of the territory, so that being, by the petition and proceedings of the case, made the subject-matter of trial and adjudication, it was not situated in the county, nor was it within the judicial district where the action was brought and the proceedings had. The code conclusively disposes of this question. In clear and specific terms it fixes the venue of actions of this kind, so far as land or real estate is concerned. It provides as follows, section 52, page 89 : Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in section fifty-three. *First.* For the recovery of real property, or of any estate or interest therein. *Second.* For the partition of real property. *Third.* For the sale of real property under mortgage, lien or other encumbrances or charge.

The district court of Leavenworth county, therefore, had no jurisdiction, and could not entertain the action, so far as the matter of foreclosure is concerned, of the mortgage or deed of trust. It being a proceeding involving an "interest in real property." This question is, however, disposed of, expressly and conclusively, by statutory provisions. The code, in the chapter entitled "An act to provide for the fore-

closure of mortgages," is as follows : " Section 1. That mortgages upon real estate, given to secure the payment of money, shall be foreclosed, by petition, in the district court of the county in which the real estate is situated, or of the county to which the county in which the real estate is situated is attached for judicial purposes. Section 2. All deeds of trust, given to secure the payment of money, shall be deemed mortgages within the meaning of this act, and shall be foreclosed in the same manner as mortgages on real estate are foreclosed." See Code, page 571.

This act of the legislature was approved and bears date of February 11th, 1859 ; and being, in date, previous to the institution of this action, controls it in this respect. This is conclusive as to that portion of the case which relates to the deed of trust, and the real estate therein described ; it being, as the record shows, within the county of Wyandotte, and not in the county of Leavenworth, where this proceeding was had. Besides, the territory is judicially divided into three districts, each district judge, as such, having jurisdiction only in the district to which, by law, he is appointed, and the action being localized, by operation of the statute, the judge of the first judicial district could not have jurisdictional power over that portion of the case which related to the real estate described in the deed of trust, whilst sitting in his district for the trial of causes. The jurisdiction thereof belonged to the third judicial district exclusively.

ORDER.—Therefore, it is adjudged by the court that, as to the decree of foreclosure of the deed of trust entered in this case, there is manifest error of law, and that the same must be set aside and reversed. The judgment rendered by the district court for the amount of the note, and interest thereon, being a matter properly cognizable by the court, and the proceedings had therein, within the jurisdiction of the court which tried the cause, the same is valid in law, and will remain unaffected by this decision. The judgment of foreclosure of the deed of trust, as rendered by the district court in this case, is set aside, and reversed, as the court, by which that subject-matter of the action was tried, had no jurisdiction thereof. The costs of this court to be paid in equal parts by the parties plaintiff and defendant here.